THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARVEY LEE FINKLEA *et al.*, Defendants-Appellants.

First District (1st Division)    Nos. 78-1951, 79-1568 cons.

Judgment affirmed.

Opinion filed October 6, 1980.

Kenneth L. Jones, of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Kathleen War-nick, and Kevin W. Horan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from the circuit court of Cook County wherein the defendant, David Hayes, was convicted of two counts of armed robbery and one count of attempt murder and defendant, Harvey Lee Finklea, was convicted of one count of armed robbery and one count of attempt murder. These convictions were the result of separate indictments as to each defendant. Defendant Finklea was charged in one indictment with the February 16, 1975, armed robbery of Lillian Bordano, four counts of aggravated battery and one count of attempt murder of George Zarco. Defendant Hayes was charged by another indictment with the same offenses as defendant Finklea as well as the armed robbery of Mr. Zarco. The cases were consolidated for trial, and defendant Finklea was tried by the court while defendant Hayes was tried before a jury. After trial and a finding of guilt on all counts, defendant Hayes was sentenced to three concurrent terms of 10 years in the State penitentiary for both counts of armed robbery and the one count of attempt murder, and defendant Finklea was sentenced to two concurrent terms of 20 years in the State penitentiary for the armed robbery count and the attempt murder count. No judgment was entered as to the aggravated battery counts.

The issues presented for review are whether the defendants' identity as the perpetrators was proven beyond a reasonable doubt and, as to defendant Hayes' conviction of the armed robbery of George Zarco, whether the evidence was sufficient to support the finding that Mr. Zarco's coat was taken from his presence.

George Zarco and Lillian Bordano testified at trial that on February 15, 1975, they went to a birthday party at the home of Ms. Bordano's brother. They left the party at about 1:30 a.m. and headed in Mr. Zarco's car to Ms. Bordano's home at 7206 South Honore Street in Chicago, Illinois. Mr. Zarco and Ms. Bordano arrived there at about 2 a.m. and parked

the car across the street from the Bordano residence. Mr. Zarco and Ms. Bordano stated that they parked under a bright street light. After Mr. Zarco shut off the ignition and turned off the headlights, he observed a man near the driver's side of the car. The man was about two feet from him and was holding a gun. Defendant Finklea was identified in court as the individual who was holding the gun on the night of the incident. Finklea announced a stickup and told Mr. Zarco to give him all that Mr. Zarco had. Mr. Zarco told Finklea to take anything he wanted and not to hurt them. While Finklea was near the driver's side of the car, a second man, identified in court as defendant Hayes, approached Ms. Bordano near the passenger side of the car and told her to open the door.

As George Zarco rolled down the car window and began to open the car door, Finklea put the gun to Mr. Zarco's head and went through his pockets. At this time, defendant Hayes opened the passenger door of the car, took Ms. Bordano's purse and ran off around the street corner. A third individual, who was never identified, then reached into the back seat of the car and took Mr. Zarco's jacket. After a short while, Hayes returned to the scene of the incident.

Defendant Finklea suddenly struck Mr. Zarco in the head and he fell back in his seat. Finklea then pointed the gun toward Mr. Zarco and shot him in the abdomen. After Finklea shot Mr. Zarco, all three offenders fled.

Ms. Bordano got out of the car, ran into her home and called the police. The police arrived, put Mr. Zarco on a stretcher and took him to Holy Cross Hospital. Mr. Zarco testified that the bullet entered the left side of his body, about two or three inches above his waist.

While Mr. Zarco was in the hospital a Chicago police officer showed him a group of photographs from which he identified a photo of defendant Finklea as the man who shot him. From a second set of photos he identified defendant Hayes as the man who took Ms. Bordano's purse. Mr. Zarco and Ms. Bordano also identified both defendants at separate lineups.

A Chicago police sergeant testified at trial that he found a purse in an alley at 8201 South Sangamon at about 7 a.m. on the morning of February 16, 1975. The purse contained documents with Ms. Bordano's name and she later identified the purse as hers. The purse was found approximately 15 blocks from the scene of the incident.

Virginia Mitchell testified on behalf of defendant Hayes that on February 15, 1975, she was with Hayes from 10 p.m. until about 3:30 a.m. at the Sandpipers Lounge, which is located at 80th and Halsted Streets in the city of Chicago. She stated that she had been a friend of Hayes for 5 or 6 years.

Ida Clark testified that on the evening in question she was with Virginia Mitchell. She saw Hayes at the Sandpipers Lounge at about 11:30 p.m. until 3:30 a.m. She stated that she knew Hayes for 10 years and they were good friends.

Jerry Brooks testified that on the night in question he was with Ida Clark, Virginia Mitchell and defendant Hayes in the Sandpipers Lounge between 10 p.m. and 3:30 a.m. He gave Hayes and a young woman a ride home in his car and dropped them off at Hayes' house at about 3:30 a.m. Jerry Brooks and Hayes had gone to the same grammar school.

Dorothy Jackson testified on behalf of defendant Finklea, that she was at the J & D Lounge on the night in question. She was there from about 10 p.m. til 3 a.m. and saw defendant Finklea and his wife there. Ms. Jackson could not recall seeing Finklea leave the lounge but said it was late.

Gayer Finklea, the wife of defendant Finklea, testified that she and Harvey went to the D & J Lounge on the night in question, arriving at 8 p.m. and staying continuously until about 2:30 or 2:45 a.m.

After hearing closing arguments the jury deliberated and found defendant Hayes guilty of all counts. The court then made similar findings as to defendant Finklea. Hayes was sentenced to three concurrent terms of 10 years on two counts of armed robbery and one count of attempt murder. Defendant Finklea was sentenced to two concurrent terms of 20 years for armed robbery and attempt murder. Defendants have appealed these convictions and the causes have been consolidated on appeal.

Defendants claim their identity as the perpetrators was not proven beyond a reasonable doubt. More specifically, it is argued that the complaining witnesses did not have an adequate opportunity to observe the perpetrators, that defendants' alibi witnesses were credible and that there were inconsistencies in the State's case.

■■ The law is well settled in Illinois as to a certain aspect of deference owed to a trial judge and jury by courts of review. The credibility of witnesses, the weight to be given their testimony and the inferences to be drawn therefrom are for the trier of fact and, upon review, courts of review will not substitute their judgment for the fact finder's judgment unless it clearly appears there is a reasonable doubt of the defendant's guilt. A conviction will not be set aside merely because the evidence is contradictory. See *People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858; *People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551.

Where the identity of the accused is at issue, the testimony of even only one witness is sufficient to convict, provided that the accused is observed under circumstances which would allow a positive identification to be made. (*People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d

1313.) As stated in *People v. Reed* (1980), 80 Ill. App. 3d 771, 777, 400 N.E.2d 688, 693:

> "The key factor is to determine if the witness had an opportunity under adequate conditions to view the offender at the time of the commission of the crime. [Citation.] It is not required that the validity of the identification be based upon perfect conditions for observation or that the time for observation be of a prolonged nature. [Citations.]" *Reed*, 80 Ill. App. 3d 771, 777, 400 N.E.2d 688, 693.

In the case at bar, Lillian Bordano and George Zarco had an adequate opportunity to view the defendants during the crime in that they saw the defendants under a bright street light for a period of about three to four minutes, and their identification testimony was certain.

Defendants claim there are inconsistencies in the State's case with regard to: (1) whether the two perpetrators who initially approached the car appeared at the passenger side or at the driver's side of the car; (2) whether defendant Finklea was light complected or dark complected; and (3) whether Lillian Bordano could have viewed defendant Hayes from her side window as he stood under a street light.

As to the alleged discrepancy with regard to the location of the perpetrators when they approached the car, both witnesses stated the approach was from the driver's side, yet police investigator Brown admitted that he filed a report stating that two men approached from the passenger's side. Defendants argue it is reasonable to assume the mistake stemmed from some confusion on the part of the complaining witnesses.

With regard to the alleged discrepancy in the witnesses' description of defendant Finklea's complexion, although the defendants contend said defendant was variously described as being light complected and dark complected, a reading of all portions of the record cited by defendants shows the complaining witnesses consistently describing defendant Finklea as being dark complected. In this regard, defendant Finklea has simply failed to raise a reasonable doubt of his guilt in view of the eyewitness testimony against him.

As to the alleged discrepancy as to whether Lillian Bordano could have viewed defendant Hayes from a side window as he stood behind the car she was in, defendants claim that since Ms. Bordano stated Hayes returned to the scene, after taking her purse, and stood under a street light on the corner approximately 20 to 25 feet behind the auto she was in, she therefore could not have seen said defendant through a side window.

Regarding the alleged discrepancies in the officer's reports as to which side of the car the perpetrators appeared, such inconsistencies, to the extent there are any, are minor. Such discrepancies, taken at different times, are not unusual and go only to the weight to be given the testimony

by the trier of fact; they do not destroy the credibility of the witnesses. The minor variations do not compel us to find that the evidence was so unsatisfactory as to raise a reasonable doubt of defendants' guilt. (See *People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214.) A similar result can be attached as to inconsistencies, to the extent that there are any, as to descriptions of defendant Finklea's complexion.

Defendants claim that Lillian Bordano's testimony is suspect because she stated that she stared at defendant Hayes through a side window as Hayes stood on the corner behind her, is similarly an inconsistency, if any, which goes to the weight of Ms. Bordano's testimony (see *Bell*). Such testimony, when viewed along with her testimony that she had a good look at Hayes when he opened her car door and reached in to grab her purse, while the interior car light went on, simply fails to raise a reasonable doubt of defendant's guilt (see *Guido*).

■■ It was the province of the triers of fact, who were in a better position than we to determine the credibility of the witnesses and who were no doubt aware of the interest of the opposing witnesses in the outcome of the trial, to determine the truth of the matter. The eyewitness testimony of two witnesses sufficiently supported those findings of fact. For these reasons, we find the defendants' identity as the perpetrators was proved beyond a reasonable doubt.

Defendant Hayes further claims his conviction for the armed robbery of George Zarco must be reversed, arguing that no evidence was presented showing Mr. Zarco's coat was taken during the incident.

Defendant Hayes contends there was no testimony by Mr. Zarco that anyone took his coat and that Mr. Zarco testified only that a third individual searched his coat. A complete reading of the entire record, however, reveals that Mr. Zarco testified that the third individual took his jacket. In addition, Lillian Bordano testified that the third individual took the coat out of the back seat of the car and then went to the back of the car.

In Illinois, armed robbery occurs by taking property from the person or presence of another by the use of force, while armed with a dangerous weapon. *People v. Jones* (1973), 53 Ill. 2d 460, 463, 292 N.E.2d 361.

■■ Defendant Hayes infers that there was no evidence of taking because Mr. Zarco testified that a third individual searched his coat. However, the references to the searching of the coat do not lead to a conclusion that the coat was not actually taken. A fair reading of the entire record shows that the third individual searched the coat and then took the coat. We find the evidence was sufficient to support the jury's finding that Mr. Zarco's coat was taken from his presence. For these reasons, defendant Hayes was properly convicted for the armed robbery of George Zarco.

For the above and foregoing reasons, the judgments of the circuit

court of Cook County convicting the defendants of attempt murder and armed robbery are hereby affirmed.

Affirmed.

McGLOON and O'CONNOR, JJ., concur.